## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MARCUS LESHAWN DIXON,     )
                                   )
      Petitioner,           )
                                   )
v.                               )       Civil Action No. 3:21CV114–HEH
                                 )
DIRECTOR, DEPARTMENT OF     )
CORRECTIONS,              )
                                 )
      Respondent.       )

### MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

Petitioner, a Virginia prisoner proceeding *pro se*, submitted a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of the County of Northampton for first degree murder, breaking and entering, robbery, and three counts of use of a firearm in the commission of a felony. ("Successive § 2254 Petition, ECF No. 1.) By Memorandum Opinion and Order entered on March 19, 2021, the Court dismissed the Successive § 2254 Petition because, as described, it was successive and unauthorized by the United States Court of Appeals for the Fourth Circuit. (ECF No. 4, at 2); *see Dixon v. Clark*, No. 3:12CV429, 2013 WL 4880465, at *1 (E.D. Va. Sept. 12, 2013) (denying first § 2254 petition).

On March 29, 2021, the Court received a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 6) from Petitioner. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States
Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule
59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for
new evidence not available at trial; or (3) to correct a clear error of law or prevent
manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing
*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v.
Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Petitioner apparently believes that Rule 59(e) relief should be granted to correct a
clear error of law or to prevent manifest injustice. Petitioner argues that because the
claims in his first § 2254 petition "were not adjudicated on the merits nor was the petition
dismissed with prejudice," that he should be permitted to file a second § 2254 petition.
(ECF No. 6 at 2.) Petitioner, however, fails to demonstrate that the Court committed any
error of law or that it is necessary to correct the prior decision in order to prevent
manifest injustice. *See Pac. Ins. Co.*, 148 F.3d at 403 ("[A] Rule 59(e) motion may not
be used to relitigate old matters, or to raise arguments or present evidence that could have
been raised prior to the entry of judgment." (quoting 11 CHARLES ALAN WRIGHT &
ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed.
1995))). As previously explained, the Court has not received authorization from the
Fourth Circuit to file the Successive § 2254 Petition and the Court lacks jurisdiction at
this time. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Accordingly, the Rule 59(e)
Motion (ECF No. 6) will be denied. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: April 12 2021
Richmond, Virginia