IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARCUS LESHAWN DIXON,           )
                                )
      Petitioner,              )
                                )
v.                              )      Civil Action No. 3:21CV114–HEH
                                )
DIRECTOR, DEPARTMENT OF         )
CORRECTIONS,                    )
                                )
      Respondent.              )

## MEMORANDUM OPINION
(Denying Rule 60(b)(6) Motion)

Petitioner, a Virginia prisoner proceeding *pro se*, submitted a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of the County of Northampton for first degree murder, breaking and entering, robbery, and three counts of use of a firearm in the commission of a felony. ("Successive § 2254 Petition, ECF No. 1.) By Memorandum Opinion and Order entered on March 19, 2021, the Court dismissed the Successive § 2254 Petition because, as described, it was successive and unauthorized by the United States Court of Appeals for the Fourth Circuit. (ECF No. 4 at 2); *see Dixon v. Clark*, No. 3:12CV429, 2013 WL 4880465, at *1 (E.D. Va. Sept. 12, 2013) (denying first § 2254 petition). By Memorandum Opinion and Order entered on April 12, 2021, the Court denied a motion filed pursuant to Federal Rule of Civil Procedure 59(e). (ECF Nos. 7, 8.)

On April 29, 2021, the United States Court of Appeals for the Fourth Circuit denied a motion under 28 U.S.C. § 2244 and refused to allow Petitioner to file a

successive § 2254 petition. (ECF No. 9.) Soon thereafter, on May 6, 2021, the Court received from Dixon a Motion Under Rule 60(b)(6) for Relief From Final Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6). ("Rule 60(b)(6) Motion," ECF No. 10.) As discussed below, the Court still lacks jurisdiction to consider his Successive § 2254 Petition, and he fails to demonstrate any reason why Rule 60(b) relief should be granted.

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party . . . ." *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Shanklin v.*

*Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Petitioner argues that Rule 60(b) relief should be granted so that he can file another § 2254 petition and have the Court address the merits of his claims. Petitioner "seeks Rule 60(b)(6) relief in order to have his claims raised [in his] § 2254 Petition heard on the merits; because the failure to do so would result in a miscarriage of justice." (ECF No. 10 at 6.) As previously explained, the Court has not received authorization from the Fourth Circuit to file the Successive § 2254 Petition and the Court lacks jurisdiction at this time. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Additionally, Petitioner fails to demonstrate any extraordinary circumstances that would justify reopening the action. Accordingly, the Rule 60(b)(6) Motion (ECF No. 10) will be denied. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 15, 2021
Richmond, Virginia